**This order is SIGNED.**

**Dated: June 5, 2024**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

jst

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Rockwell Debt Free Properties, Inc.,<br><br>Debtor. | Bankruptcy Number: 20-25326<br><br>Chapter 7 |
| Steven R. Bailey, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Mark Petersen, Paula Petersen,<br><br>Defendants. | Adversary Proceeding Number: 22-02080<br><br>Judge Kevin R. Anderson |

## ORDER GOVERNING SCHEDULING
## AND PRELIMINARY MATTERS

The parties timely filed their Report of Parties' Planning Meeting, and it is accepted by the Court. The following matters are hereby scheduled. Times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause. Pursuant thereto,

**IT IS HEREBY ORDERED** that:

1. **PLANNING MEETING**: The Report of Parties' Planning Meeting is hereby accepted.

2. **PRE-DISCOVERY DISCLOSURES**: Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 completion date June 3, 2024.

3. **DISCOVERY PLAN**: The fact discovery cut-off date in this adversary proceeding is October 28, 2024. All discovery, including responses to discovery requests, must be completed by such date. Discovery requests shall be served sufficiently in advance to

require responses to such requests to have been served and filed by such date. The parties are directed to the Local Rules, including Rule 7026-1, for their application. Discovery motions, including motions to compel or for sanctions under Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037, and motions for extension of the discovery deadline, shall be filed sufficiently in advance of the discovery cut-off date to allow compliance with the date.

4. **LIMITATIONS ON DISCOVERY**. The following limitations on discovery have been fixed by the Court.

    a. Maximum interrogatories by any party to any party. Fifty (50).

    b. Maximum requests for production of documents by any party to any party. Fifty (50), but the parties can agree to more upon a showing of good cause.

    c. Maximum requests for admissions by any party to any party. Fifty (50). Exclusive of authentication admissions and the parties can agree to more or request more upon a showing of good cause.

    d. Maximum number of depositions by plaintiff(s). Twenty-five (25).

    e. Maximum number of depositions by defendant(s). Twenty-five (25).

    f. Each deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

    g. Deadline for parties to designate experts: November 11, 2024.

    h. Deadline for parties to designate rebuttal experts: November 25, 2024.

    i. Deadline for Fed. R. Civ. P. 26(a)(2) and Fed. R. Bankr. P. 7026 reports from retained experts.

        i. Plaintiff(s)'s report(s) due by December 10, 2024.

        ii. Defendant(s)'s report(s) due by December 10, 2024.

    j. Reports from designated rebuttal experts due: December 27, 2024.

    k. Supplementations under Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due thirty (30) days before trial.

    l. All depositions of experts completed by: January 27, 2025.

5. **MOTION DEADLINE**: The deadline for joining additional parties by plaintiff(s) and by defendant(s) is July 31, 2024. The deadline for amending pleadings by plaintiff(s) and by defendant(s) is July 31, 2024. The deadline for filing dispositive or potentially dispositive motions is February 3, 2025.

6. **ATTORNEYS' CONFERENCE**: Counsel for the parties – or a party if *pro se* – shall hold a conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit lists, witness lists and other matters that will aid in the preparation of an accurate, complete and definitive pretrial order. This conference shall be held on or before February 18, 2025, at a location that is mutually agreeable to the parties.

7. **PRETRIAL ORDER**: The parties shall file a proposed pretrial order on or before March 3, 2025. Plaintiff(s)'s counsel (or the plaintiff(s) if acting *pro se*) shall take the lead in drafting the proposed pretrial order that shall be presented for discussion at the attorneys' conference. If counsel (or the parties if acting *pro se*) is unable to agree upon a proposed pretrial order, the matter will be resolved by the Court at the final pretrial conference. If no agreement as to the proposed pretrial order has been reached, plaintiff(s)'s counsel (or plaintiff(s) if acting *pro se*) shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

    <u>Failure of plaintiff(s)'s counsel (or plaintiff(s) if acting *pro se*) to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the Court grants relief for cause shown, result in the dismissal of the adversary proceeding.</u> If defendant(s)'s counsel (or defendant(s) if acting *pro se*) fails to stipulate to the proposed pretrial order timely filed by the plaintiff(s) and fails to file timely defendant(s)'s explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the Court to prevent manifest injustice, shall control the course of the trial.

    **FINAL PRETRIAL CONFERENCE**: A final pretrial conference shall be held on March 18, 2025, at 10:00 AM before the Honorable Kevin R. Anderson. This hearing will be held by Zoom. Parties should log in to Zoom at www.zoomgov.com at least ten (10) minutes before the scheduled time for the hearing.  Meeting ID and Passcode are as follow:

Judge Kevin R. Anderson     Meeting ID: 160 3007 6397; Passcode: 6001201

Parties who wish to participate in the hearing should consult the Bankruptcy Court's website at https://www.utb.uscourts.gov/court-hearings-be-conducted-zoom for the most up-to-date information regarding participation at a hearing.

At the Final Pretrial Conference, the Court will set deadlines and issue an order for the following items:

    a. Trial date

    b. Trial briefs

    c. Proposed findings and conclusions required pursuant to Local Rule 7052-1

    d. Witness and exhibits lists

8. Counsel shall consult the Local Rules of this Court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the Court, and other matters appropriate to the litigation. In the event of conflict between any Local Rule and this order, this order shall control.

9. The parties are encouraged to seek mediation of the matter, and the Court may conduct separate future status conferences to inquire as to the parties' progress.

10. **NON-COMPLIANCE WITH SCHEDULING ORDER:** Failure to comply with the deadlines set forth in this Order Governing Scheduling and Preliminary Matters may result in appropriate sanctions pursuant to Fed. R. Civ. P. 16(f)(1)[1], including the following: striking pleadings, staying further proceedings until the order is obeyed, dismissing the action, or rendering default judgment against the disobedient party. See Fed. R. Civ. P. 37(b)(2)(A).[2] The Court may impose such sanctions without further notice or hearing.

If the parties cannot meet a deadline or agree to extend deadlines, the parties must take appropriate action to request an extension from the Court prior to the expiration of the deadlines set forth in this Order.

END OF DOCUMENT

---

[1] As made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7016.
[2] As made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7037.

**DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER**

Service of the foregoing Order Governing Scheduling and Preliminary Matters shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

*Attorney for Plaintiff,* Deborah Rae Chandler, dchandler@aklawfirm.com

*Attorney for Defendants*, Chad S Pehrson, cpehrson@kba.law

pursuant to Fed. R. Civ. P. 5(b).